## ROBERT HERRIN v. THE STATE.

· No. 3434. Decided February 17, 1915.

**1.—Manslaughter—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence, although conflicting, sustained the conviction, there was no reversible error.

**2.—Same—Newly Discovered Evidence.**

Where the alleged newly discovered evidence did not come within the scope of the requirements of the law, there was no error in overruling the motion on that ground.

Appeal from the District Court of Panola. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brooke & Woolworth,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of manslaughter and assessed the lowest punishment.

There is no bill of exceptions, nor complaint in any way of the charge of the court. But two questions are raised. The first is, appellant claims that the evidence is insufficient to sustain the verdict; and the second, that he ought to have been granted a new trial because of claimed newly discovered testimony.

Appellant's only defense was self-defense. The evidence tending to establish that was sufficient to have done so if it had been believed by the jury. The State by its evidence amply established the guilt of appellant and was sufficient to authorize the jury to find him guilty and disbelieve his claimed self-defense. We think it unnecessary to recite the evidence. We have carefully considered it and in our opinion it sustains the verdict.

Clearly appellant failed, under all the authorities, to show that he was entitled to a new trial because of claimed newly discovered evidence. He attached to his motion no affidavit by either of the parties whom he claimed would testify to material facts which could be claimed as newly discovered testimony and gave no reason whatever why he did not do so. However, the record shows that the court heard the evidence on the hearing of the motion for new trial by the persons whom he claimed would give newly discovered testimony and the judgment of the court recites that after hearing all this evidence he overruled the motion for a new trial on that ground. What that evidence was is in no way properly disclosed. There is, however, in the record what purports to be that testimony, certified by the stenographer alone. It is in no way authenticated or approved by the trial judge nor is it agreed to as correct by the parties. Hence, it can not be considered for any purpose. Even if we could consider it, it would show that the testimony of the witnesses was neither newly discovered testimony nor of such material character as to authorize the court to grant a new trial. So that, in no contingency, is any reversible error shown.

The judgment will, therefore, be affirmed.

*Affirmed.*